MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

PETER B. AXELROD (CABN 190843)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    E-Mail: peter.axelrod@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 11-0811 EMC (JCS) |
| ) | |
| Plaintiff, ) | |
| ) | OPPOSITION TO APPLICATION TO |
| v. ) | MODIFY CONDITIONS OF RELEASE |
| ) | |
| MEDCHEM CORPORATION, and ) | Date: January 27, 2012 |
| HASAN IBRAHIM, ) | Time: 10:30 a.m. |
| ) | Dept.: Hon. Joseph C. Spero |
| Defendants. ) | |
| ) | |

    The United States opposes defendant Hasan Ibrahim's Application to Modify Conditions of Release to allow him to travel to Saudi Arabia in February 2012. Clerk's Record (CR) 16.

    The United States opposes the request because Ibrahim – who possesses both U.S. and Jordanian passports – is a flight risk. Ibrahim is charged with a number of serious crimes that have significant custodial consequences upon conviction. Further, his business ties to Saudi Arabia, his intended travel destination, are deep and long-standing. If the Court permits Ibrahim to travel overseas, the United States cannot guarantee his

U.S. OPP. TO TRAVEL APPLICATION
CR 11-0811 EMC (JCS)                 1

return to the United States to face the current charges – the United States does not have effective extradition treaties with either Saudi Arabia or Jordan. Second, based on the investigation, it appears that Ibrahim could continue to operate his U.S.-based business, co-defendant MedChem Corporation (MedChem), from abroad. Finally, the reasons that Ibrahim proffered for his trip – to maintain the convenience afforded by his Saudi residence card and to conduct a review of the books of his business in Saudi Arabia, Constant Trading Activity (CTA) – are wholly inadequate to justify the substantial risk posed by any overseas travel. This is particularly true here where the underlying business relationship between MedChem and CTA is at the root of the current charges. As set forth more fully below, the United States urges the Court to deny Ibrahim's motion.

## BACKGROUND

On November 1, 2011, a grand jury returned a fourteen count indictment against Ibrahim and his U.S.- based business, MedChem Corporation, for the attempted shipment of over two dozen undeclared hazardous materials to CTA on a commercial aircraft. CR 1. Both Ibrahim and MedChem were charged with two counts of the attempted placement of a destructive substance on an aircraft (18 U.S.C. § 32), ten counts of hazardous materials violations (49 U.S.C. §5124), a count of failing to file export information (13 U.S.C. § 305), and two counts of attempted smuggling of goods (18 U.S.C. § 554).

On November 2, 2011, Ibrahim made his initial appearance and was released on conditions, including that he surrender all passports and foreign travel documents to the Clerk of the Court. *See* Order Setting Conditions of Release, CR 4. The Court also restricted his travel to the Northern District of California. That same day, Ibrahim surrendered both his U.S. and Jordanian passports. Based on his application, it appears Ibrahim has residency status in Saudi Arabia, but it unclear if that means he has a particular residency/travel document and, if so, where it is. The Court also ordered Ibrahim secure a $100,000 bond with real property, which he has done.

As set forth in the Indictment, Ibrahim was the president of MedChem, a company located in South San Francisco that shipped chemicals, including hazardous materials, to

CTA, a business in Saudi Arabia that Ibrahim co-founded. Ibrahim operated MedChem since the mid-90s and, as he acknowledged in his application, all of MedChem's business is with CTA. Application at 4, CR 16. The charges relate to a shipment by air carrier of 64 boxes of goods from MedChem to CTA in Saudi Arabia that Customs and Border Protection (CBP) intercepted – the shipment contained dozens of undeclared hazardous materials, including materials that were forbidden from transportation on any aircraft (passenger or commercial) because of they were toxic inhalation hazards, corrosive, flammable and combustible. These materials, which had been removed from their original packaging and placed in different boxes, were neither labeled nor declared and thus posed a risk to the aircraft, crew, cargo handlers, and passengers (in the likely event of transport on a passenger flight).

In the course of the investigation, Ibrahim spoke to law enforcement and admitted that he created CTA in the mid-1990s with a Saudi businessman and that he did not declare the hazardous materials that he shipped to Saudi Arabia because declaring them made it harder to clear those shipments through customs. Ibrahim acknowledged that a search of documents seized from his business would reveal a pattern of improperly packaged and declared chemicals, which was confirmed by additional investigation. Ibrahim also told law enforcement that he was training his son to work at MedChem, and the investigation revealed that after the shipment was intercepted, the son took an active role in MedChem's operations.

## THE COURT SHOULD DENY THE APPLICATION

First, Ibrahim is a flight risk. Both he and his U.S. based company, MedChem, are charged with a number of felony offenses with significant custodial exposure. While he was aware of the investigation prior to the indictment, he is in a materially different position now – the case is charged, the government has provided discovery, and the evidence supporting its case is available to him. Those developments put Ibrahim in a tougher spot which provide a greater incentive to flee. Further, there is no way to ensure Ibrahim's return to the United States should he go to Saudi Arabia or Jordan and decide to

1  stay. This is pronounced concern here where his U.S. business is centered around a
2  company in Saudi Arabia that he founded, CTA.
3      Ibrahim has deep business ties to Saudi Arabia. He founded CTA in the mid-90s
4  and has been working with them ever since. As he stated in his application, "without his
5  ability to ship these materials to [CTA] . . . he essentially has no business at all."
6  Application at 4. Not surprisingly, over the last 10-15 years, he has routinely traveled to
7  Saudi Arabia. Thus, he has a network of contacts there, should he choose to stay.
8  Further, because one of his U.S. based sons was getting more involved in MedChem's
9  operations, Ibrahim could potentially stay in Saudi Arabia while his son operated
10 MedChem here in this district.
11     Finally, Ibrahim offers two reasons for his travel, neither of which justify the
12 requested modification.
13     First, as understood by the undersigned, Ibrahim seeks to maintain his Saudi
14 resident status, which will expire if he does not visit the Kingdom every six months. If he
15 is not allowed to make this visit, then he will be subjected to Saudi visa regulations, like
16 everyone else. While Ibrahim's desire to minimize an administrative burden is
17 understandable, it is not a sufficient reason to warrant this trip under these circumstances.
18     Second, Ibrahim claims the trip is required to conduct a financial review of CTA's
19 books and to ensure that his lawful business is not completely destroyed. Application at
20 4-5. Yet, Ibrahim fails to explain why he has to travel to Saudi Arabia to review the
21 books. Given the availability of e-mail, video conferences, and overnight deliveries,
22 Ibrahim does not explain why he cannot inspect the books through some other means,
23 particularly where it involves a business he created years ago and remains actively
24 involved in. While he might prefer to be in Saudi Arabia for meetings, Ibrahim does not
25 articulate why his physical presence is required and why alternative measures cannot
26 achieve his objectives.
27 \\
28 \\

## CONCLUSION

Based on the foregoing, the United States asks the Court to deny Ibrahim's application to modify his conditions of release to permit his travel to Saudi Arabia.

Respectfully Submitted,

DATED: January 26, 2012          MELINDA HAAG
                                 United States Attorney


                                 _____/s/_____
                                 PETER B. AXELROD
                                 Assistant United States Attorney

U.S. OPP. TO TRAVEL APPLICATION
CR 11-0811 EMC (JCS)                       5