MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

PETER B. AXELROD (CABN 190843)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    E-Mail: peter.axelrod@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MEDCHEM CORPORATION, and ) <br> HASAN IBRAHIM, ) <br> ) <br> Defendants. ) <br> ) | No. CR 11-0811 EMC (JCS) <br><br> UNITED STATES' OPPOSITION TO DEFENDANT IBRAHIM'S SUPPLEMENTAL FILING IN SUPPORT OF TRAVEL MOTION |

      The United States files this opposition in response to defendant Hasan Ibrahim's supplemental filing in support of his travel motion. Clerk's Record (CR) 22.

      At the hearing on Ibrahim's motion to travel to Saudi Arabia on January 27, 2012, the Court requested additional information concerning: (a) the applicable laws of Saudi Arabia regarding Ibrahim's residency permit, the duration of the permit, and any exceptions or extensions that would allow his permit to be extended without travel to Saudi Arabia; (b) Ibrahim's assets in the United States and Saudi Arabia; and (c) Ibrahim's family.

U.S. OPP. TO TRAVEL APPLICATION
CR 11-0811 EMC (JCS)

1  The Court should deny Ibrahim's request to travel to Saudi Arabia. As set forth
2 below, Ibrahim has not provided the Court with sufficient information to justify his
3 overseas travel during the pendency of this case.
4  First, Ibrahim has failed to answer some basic questions under Saudi Arabian law
5 regarding his residency permit or even provide a copy of it or any of the documents he
6 submitted in support of it. This makes it virtually impossible to assess his proffered
7 reason for the requested travel and the applicable law. At this point, the Court and the
8 government are operating in the dark about what the permit is, who sponsored Ibrahim for
9 any visas or permits, and why he actually needs a permit to reside in Saudi Arabia. In
10 other words, if his business and family are based in the United States, why does he need
11 to maintain residency in Saudi Arabia? The premise of the multiple exit/re-entry visas (as
12 described in one of the websites that Ibrahim cited, expatfocus.com) is that an individual
13 <u>residing</u> in Saudi Arabia will need the ability to leave Saudi Arabia and return there. *See*
14 Exhibit A (excerpt from expatfocus.com). The government strongly objects to any
15 circumstance that allows Ibrahim to reside in Saudi Arabia. This is particularly true
16 because if Ibrahim goes to Saudi Arabia, there is no effective extradition treaty or legal
17 mechanism to ensure his return to the United States.
18  Second, the websites cited by Ibrahim only raise more questions. For example, the
19 Saudi Embassy website (www.saudiembassy.net) identifies several visa categories –
20 business visa, employment visa, extension of exit/re-entry visa, and residency visa. *See*
21 Exhibit B. It remains unclear exactly which one(s) pertain to Ibrahim and why, for
22 example, a business visa – which, according to the website is issued to "businessmen,
23 investors, representatives of U.S. companies, managers, sales managers, sales
24 representatives, etc." – is inadequate for his needs.[1] Likewise, expatfocus.com states that
25 "[a] request for an extension to the [multiple exit/re-entry] visa "must be made by the

---

[1] The Saudi website indicates that the Consulate does not "have authority to extend an exit re-entry visa if the applicant's stay outside the Kingdom exceeds seven (7) months," but it does not indicate whether that can be accomplished from within Saudi Arabia by the entity in Saudi Arabia sponsoring the visa holder.

U.S. OPP. TO TRAVEL APPLICATION
CR 11-0811 EMC (JCS)  2

sponsor in Saudi Arabia. This will be approved providing that the request is deemed to be for a genuine reason and the residency permit is still valid." If that is the case, then why can't the company he does business with in Saudi Arabia, Constant Trading Activity (CTA), apply for an extension, which, in turn, would eliminate the need for foreign travel?

Third, Ibrahim's desire to maintain his residency status is substantially outweighed by his flight risk. Ibrahim and his company, MedChem, are charged with very serious crimes, crimes that, by their very nature pose a threat to civil aviation. For some period of years, Ibrahim was shipping undeclared hazardous materials to Saudi Arabia on passenger and cargo planes out of San Francisco International Airport. Further, for the vast majority of this time period, Ibrahim was the sole employee of MedChem, meaning he was the person directly engaged in this conduct. As a result of being caught, Ibrahim is looking at a meaningful custodial sentence. Notwithstanding his local family ties, Ibrahim has a powerful incentive to remain in Saudi Arabia or Jordan where he would remain outside the reach of extradition. This is particularly true because his son could continue to operate MedChem from the United States. Ibrahim could remain in Saudi Arabia where he has a long business history or perhaps return to Jordan, a country from which he also has a passport.

Finally, Ibrahim failed to provide the Court with a meaningful picture of his assets. Without additional specific information about the nature, source, location, and value of his assets, the Court cannot evaluate whether any modification of his conditions is appropriate and, if so, what adjustments should be made.

\\
\\
\\
\\
\\
\\

Based on the foregoing and its prior submission, the United States asks the Court to deny Ibrahim's application to modify his conditions of release to permit his travel to Saudi Arabia.

                                          Respectfully Submitted,

DATED: February 2, 2012        MELINDA HAAG
                                          United States Attorney


                                       _____/s/_____
                                        PETER B. AXELROD
                                        Assistant United States Attorney