JAMES McNAIR THOMPSON
SBN 67807
LAW OFFICES OF JAMES McNAIR THOMPSON
PO BOX 636
LOS GATOS CA 95031
(408) 358-6047
Attorney for defendant Ibrahim

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR – 11—00811 – EMC |
| Plaintiff, | DEFENDANT IBRAHIM'S REPLY TO THE GOVERNMENT'S OPPOSITION TO HIS MOTION FOR A NEW TRIAL |
| vs. | |
| HASAN IBRAHIM, | DATE:  AUGUST 21, 2013
TIME:  2:30 P.M. |
| Defendant. | DEPT:  COURTROOM 5, 17TH FLOOR
HON. EDWARD M. CHEN, PRESIDING |

## I.  INTRODUCTION

Defendant filed a motion for new trial under Fed. R. Crim. P. Rule 33.  (Doc. 160)  The Government has filed an opposition. (Doc. 167)

## II. RULE 33

Fed. R. Crim. P. Rule 33(a) provides in relevant part "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

### III. INSTRUCTION 33 IMPROPERLY INSTRUCTED THE JURORS THAT, AS A MATTER OF LAW, EACH SUBSTANCE ALLEGED IN THE FIRST NINE COUNTS TO BE A "DESTRUCTIVE SUBSTANCE" WAS IN FACT A DESTRUCTIVE SUBSTANCE.

Instruction 33 said, quite explicitly, that

> In order to find the defendant guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt
> First, the defendant intended to cause *the following destructive substances* to be placed in, upon, or in proximity to an aircraft;

It then goes on to say, as for example for Count 1

| COUNT | DESTRUCTIVE SUBSTANCE |
|---|---|
| 1 | One 100-gram container of Chloroacetonitrile within box 64 |

Nowhere are the jurors told to decide *whether* the substances were in fact "destructive substances."

Instruction 34 merely says, "For Counts One through Nine, a "destructive substance" includes any explosive substance, any flammable material, or any chemical matter of a combustible, contaminative, corrosive, or explosive nature."

In other words, Instruction 34 merely tells the jurors what is meant when they are instructed as a matter of law that Chloroacetonitrile is a destructive substance.

There error could not be more plain, and could not more fundamentally affect the defendant's substantial rights.

### IV. THE INSTRUCTIONS ON COUNTS 1 THROUGH 9 FAILED TO ADEQUATELY DEFINE "LIKELY TO ENDANGER THE SAFETY OF ANY SUCH AIRCRAFT"

The government faults the defense for persisting in saying that the definition of "willfully" in the context of 18 U.S.C. §32(a)(2) "must include proof that the

1 defendant knew the destructive substance 'is likely to endanger the safety of any
2 such aircraft.'" (Doc. 167 4:25 – 27)
3 　　　　The government does not disagree with the Court, or the Supreme Court in
4 "*United States v. Bryan*, 524 U.S. 189, 191 – 192 (1998), quoted at Doc. 114 42:5 – 6,
5 that 'the Government must prove that the defendant acted with knowledge that his
6 conduct was unlawful.'" (Doc. 160 12:15 – 17)
7 　　　　Since the conduct is only unlawful if the "destructive substance" is "likely to
8 endanger the safety of any such aircraft," knowledge of the endangerment is clearly
9 as aspect of willfulness. Other than summarily dismissing the notion, the
10 government does not address that point.
11 　　　　The government also says, "Without authority, the defendant claims that
12 because the offense was charged as an attempt, the Court was required to give his
13 proposed definition of 'willfully.' The government agrees that to convict the
14 defendant of an inchoate crime, it must prove that he had the specific intent to
15 commit the underlying crime. Without more, though, the government is unaware of
16 how the fact that the offenses were charged as attempts changes the analysis of the
17 specific intent required for the offenses charged." (Doc. 167 5:6 – 10)
18 　　　　Actually, the defendant did cite authority -- *United States v. Ramirez-*
19 *Martinez*, 273 F.3d 903 (9th Cir. 2001) (Doc. 160 14:5 – 6) *Ramirez – Martinez*
20 stands for the unremarkable proposition that to be guilty of an attempt, a defendant
21 must have the specific intent to commit the underlying crime.
22 　　　　Since the underlying crime requires endangerment of an aircraft, obviously
23 regardless of what mental state is required to commit a violation of 18 U.S.C.
24 §32(a)(2), the mental state to commit an attempt to violate 18 U.S.C. §32(a)(2)
25 requires an intent to endanger the aircraft.

## IV. DEFENDANT'S CLAIM OF PROSECUTORIAL MISCONDUCT IS NOT MERITLESS (AND AND CERTAINLY NOT UNPROFESSIONAL BASED ON THIS RECORD)

The government claims that the "government not once attributed the actions of others to the defendant and even allowed for the possibility that someone other than the defendant repackaged the subject chemicals." Interestingly, the government does not deny that in "its closing argument, the government argued that MedChem 'was a one man show.' The government argued that defendant Ibrahim was 'a pro,' and that the person responsible for the shipment was defendant Ibrahim. 'He's the guy driving the train.'" (Doc. 160 18:23 – 19:2)

More bizarrely, the government says "the defendant's current frustration over the testimony relating to Exhibit 524 is perplexing. If the defendant did not believe or understand Mr. Yee's testimony about the import of the email, the opportunity to advance his interpretation of the email was through cross-examination or the presentation of other evidence at trial, not through a Rule 33 motion."

Defendant fully understood, and, for what its worth, believed, Mr. Yee's testimony that Exhibit 524 related only to obtaining certain permissions from the Saudi Arabian government, and had absolutely nothing to do with the shipment of hazardous materials. Even the government acknowledged this on at least one occasion, when it suited the government's purposes. [1]

---

[1] At Doc. 169 10:27 – 11:4, the government admits
  The logical answer, as presented at trial, and argued by the government, is what Mr. Yee, the freight forwarder testified to: what was meant by "legalize" the shipment in the email from the defendant to the freight forwarders was in fact a direction to obtain the proper stamps for entry in Saudi Arabia; it had nothing to do with a direction to properly packaging, labeling, and declaring hazardous material.

Nevertheless, the government continues to mischaracterize this document, as is more fully explicated at defendant's reply to the government's opposition to defendant's motion for a judgment of acquittal.

## V. REMAINING CONTENTIONS

The government fails to meaningfully address the defendant's remaining contentions.

## VI. CONCLUSION

Defendant is entitled to a judgment of acquittal on all counts, and to a provisional order granting a new trial on all counts.

Dated: August 20, 2013

Respectfully submitted,


James McNair Thompson

Attorney for defendant Ibrahim